[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION ON MOTION TO DISMISS]
The defendant Frederick M. Valerino, Jr. has filed a motion to dismiss this action for lack of personal jurisdiction over him. Valerino is the president of Pevco Systems International, Inc., the CT Page 4903 co-defendant, which has its corporate office in Baltimore, Maryland. Personal jurisdiction is claimed over Valerino based on the long arm statute, § 52-59b of the General Statutes, Subsections (1) and (2) of that statute confer personal jurisdiction over a non-resident of the state who (1) transacts business within the state or (2) commits a tortious act within the state.
When jurisdiction is based on constructive service the plaintiff has the burden of proving contested factual issues. [Standard Tallow Corporation v. Jowdy], 190 Conn. 48, 53. The defendant Valerino offered evidence in the form of an affidavit which supports his claims that he is a Maryland resident and has not been engaged in business activities of any kind in his individual capacity, but only as a corporate officer for the named defendant. The plaintiff has offered no countervailing evidence. The general rule is that there is no personal jurisdiction over nonresident officers of a corporation where their contact with the state was only in their capacity as a corporate officer. [Mozes onBehalf of General Electric Co. v. Welch], 638 F. Sup. 215, 223, 224
(D.Conn. 1986).
On a motion to dismiss where no evidence is offered the court considers as admitted all well pleaded facts in the complaint but not any legal conclusions. [American Laundry Machinery, Inc. v.State], 190 Conn. 212, 217. The complaint alleges that the plaintiff's agent, based in New Jersey, placed an order for certain equipment with the defendants, and that Valerino is the president of the defendant Pevco. No facts are alleged which bring any conduct of Valerino under the long arm statute, § 52-59b. Absent an evidentiary showing that a statute allows personal jurisdiction over a non-resident defendant, the motion to dismiss must be granted. [Lombard Bros. Inc. v. General Asset Management Co.],19 Conn. 245, 258.
The plaintiff may also be unable to show that the constitutional concept of due process is by assertion of personal jurisdiction over a non-resident corporate officer, but this issue does not have to be resolved where no Connecticut statute confers jurisdiction. [United States Trust Co. v. Bohart], 197 Conn. 34,39.
The motion to dismiss is granted.
ROBERT A. FULLER, JUDGE CT Page 4904